IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DESTINY R. SIGFORD,<br>　　*Plaintiff*,<br><br>　　　v.<br><br>EUGENE HICKMAN, AMANDA LEWIS,<br>JESSICA WALKER, MARK CARGILL,<br>DAVID CERVANTES, COUNTY OF<br>HOUSTON, and TEXAS DEPARTMENT<br>OF FAMILY AND PROTECTIVE<br>SERVICES,<br>　　*Defendants*. | §<br>§<br>§<br>§　CIVIL ACTION NO.  9:23-CV-42-MJT-CLS<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION ON DISMISSAL OF PLAINTIFF'S
CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

**I. Legal Standard**

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or failure to comply with any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "The authority [under Rule 41(b)] flows from the court's inherent power to control its own docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

## II. Discussion

During the case management conference on November 28, 2023, the undersigned ruled from the bench and on the record on Plaintiff's motion for leave to file an amended complaint. (Docs. ##48, 49.) Plaintiff was ordered to file an amended complaint of no more than sixty double-spaced pages and to include the year after each date cited in the complaint by December 4, 2023. As of this date, Plaintiff has not filed an amended complaint. Plaintiff has failed to diligently prosecute this case. Therefore, the undersigned recommends this action be **DISMISSED** without prejudice pursuant to FED. R. CIV. P. 41(b).

The undersigned also granted Plaintiff's motion to file electronically. Plaintiff, however, has failed to register for electronic filing as required. Thus Plaintiff must be served by mail.

## III. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 18th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE